UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, Maryland 21201,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GREATER BALTIMORE MEDICAL CENTER, INC.,<br>6701 North Charles Street<br>Baltimore, Maryland 21204,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND JURY DEMAND

NATURE OF THE ACTION

　　　　This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael E. Turner, who was adversely affected by such practices.  Since at least May 2006, Defendant, Greater Baltimore Medical Center, Inc., declared its employee Michael E. Turner incapable of performing his position of Post Partum Unit Secretary, despite his successful performance in that position throughout his many years of employment, denied him a reasonable accommodation, unlawfully discharged him, and failed to rehire him in any capacity because of his disabilities, his record of disabilities, and because he was regarded as disabled, in violation of the Americans with Disabilities Act of 1990.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Greater Baltimore Medical Center, Inc. ("Defendant") has continuously been a corporation organized under the laws of the State of Delaware doing business within the State of Maryland, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.   At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.   More than thirty days prior to the institution of this lawsuit, Michael E. Turner ("Turner") filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Turner has at all times relevant been a qualified individual with a disability within the meaning of the ADA.

a.   Since birth, Turner has suffered from neurofibromatosis, a genetic disorder of the nervous system that causes tumors to grow on nerves and produce other abnormalities such as skin changes and bone deformities. At the age of two and one half, Turner was diagnosed with a neurofibroma on his left tibia. He thereafter underwent a series of surgeries for the next six years which included bone grafting and implanting a rod with pins. Because he spent much of these years in a cast, the growth of his right leg and foot slowed down considerably, making his left leg shorter than his right let. Although he underwent surgery to shorten his right leg, his left leg remains approximately 1 ¾ inches shorter than his right leg. He wears a special shoe and a brace, but still walks with a pronounced limp.

b.   In January 2005, Turner was admitted to the hospital and diagnosed with necrotizing fasciitis (commonly known as flesh-eating disease). Due to the seriousness of his wound, he was in Shock Trauma for three months where he underwent debridement and multiple

surgeries, including the removal of his lymph nodes from his right thigh.  He also underwent a tracheostomy, was placed on a ventilator, had a percutaneous endoscopic gastromy tube inserted, underwent hyperbaric oxygen therapy, and had skin grafting on his right thigh.  Due to his surgeries and treatments, Turner was severely debilitated and unable to care for himself.  He underwent intensive rehabilitation for four months and was discharged from the hospital in July 2005.

    c.    On November 17, 2005, Turner suffered a stroke and was diagnosed with intracerebral bleeding which required the placement of an external ventricular drain to relieve pressure on the brain due to excess fluid.  He was hospitalized through December 27, 2005.  The stroke initially caused dysphasia and left hemiparesis.  Turner underwent physical therapy for the hemiparesis; however, it was determined that speech therapy was not warranted.  On March 14, 2006, he was discharged from an outpatient rehabilitation program because he had "achieved maximum benefit" and had "met [long term goals] as established."

    d.    As a result of the stroke and his neurofibromatosis, Turner is substantially limited in the major life activities of walking and standing.  When released by his physician to work in 2006, he could only walk short distances with the assistance of a walker.  He also could not stand longer than ten minutes an hour.  Although Turner is now capable of walking longer distances, he walks with a pronounced limp and continues to walk substantially slower than the average individual with no ambulatory problems.

    e.    As a result of his stroke, Turner is substantially limited in the major life activity of lifting.  At the time he was released by his physician to work in 2006, he was restricted to lifting

no more than five pounds. As a result of his rehabilitation, Turner has gained upper body strength; however, he is still restricted to lifting no more than 20 pounds.

9. Turner began working for Defendant as a part-time unit secretary on October 17, 1984 and became full-time on December 23, 1990. His most recent position was a unit secretary in Defendant's Post-Partum Unit. Turner was at all relevant times physically capable and willing to perform all essential functions of his position, with or without reasonable accommodation.

10. Since at least May 2006 and continuing to the present, Defendant has engaged in unlawful conduct, in violation of Sections 102(a), 102(b)(5)(a) and 102(b)(5)(b) of Title I of the ADA, 42 U.S.C. Section 12112(a), 12112(b)(5)(a) and 12112(b)(5)(b). The practices include:

a. declaring Turner incapable of performing his position with or without a reasonable accommodation, despite his successful prior job performance, denying him a reasonable accommodation, unlawfully discharging him, and failing to rehire him in any capacity because of his disabilities (neurofibromatosis and stroke-related impairments).

b. declaring Turner incapable of performing his position with or without a reasonable accommodation, despite his successful prior job performance, unlawfully discharging him, and failing to rehire him in any capacity because of his record of disabilities (stroke-related impairments and necrotizing fasciitis).

c. declaring Turner incapable of performing his position with or without a reasonable accommodation, despite his successful prior job performance, unlawfully discharging him, and failing to rehire him in any capacity because it regarded him as substantially limited in the major life activity of speaking.

11. As a direct and proximate result of these violations of his rights under the ADA, Turner has suffered damages in the form of expenses for job searches, expenses incurred due to the loss of health insurance, and other past pecuniary losses. In addition, he has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of herein were, and are being done with malice or with reckless indifference to the federally protected rights of Turner.

14. The unlawful employment practices complained of herein have caused Turner to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are disabled within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Turner by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to reinstate Turner or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant to make whole Turner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole Turner by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G. Order Defendant to pay Turner punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H. Grant such further legal or equitable relief, including injunctive relief, as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission hereby requests a jury trail on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney (Acting)

Maria Salacuse (Bar No. 15562)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 9209-2733 (phone)
(410) 962-4270 (fax)