IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | \* \* \* |
| Plaintiff, | \* |
| v. | Civil Action No. RDB-09-2418 \* |
| GREATER BALTIMORE MEDICAL CENTER, INC. | \* \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On January 21, 2011, this Court entered its Memorandum Opinion (ECF No. 61) and Order (ECF No. 62) awarding summary judgment to Defendant Greater Baltimore Medical Center, Inc. ("GBMC") and against Plaintiff Equal Employment Opportunity Commission ("EEOC"). On February 16, 2011, Plaintiff filed the pending Motion for Reconsideration pursuant to Maryland Local Rule 105.10 and Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 63). GBMC filed a Memorandum in Opposition to Plaintiff's Motion for Reconsideration (ECF No. 65) on March 3, 2011, and the EEOC filed a Reply in Further Support of Plaintiff EEOC's Motion for Reconsideration on March 23, 2011 (ECF No. 68). For the reasons stated below, the EEOC's Motion for Reconsideration is DENIED.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum Opinion of January 21, 2011 (ECF No. 61). To summarize, Claimant Michael Turner was a

1

long-time employee of Defendant GBMC. Mr. Turner was working as a full-time unit secretary in the postpartum unit when he was hospitalized in January of 2005 for necrotizing fasciitis, commonly known as flesh-eating disease. He was in the hospital for several months, released, but then suffered a stroke and was readmitted. In December of 2005, Mr. Turner applied for Social Security Disability Insurance (SSDI) benefits with the help of his mother. He filled out a Function Report in which he indicated he had significant weakness on his left side and that he had trouble ambulating and needed a walker. His SSDI application was approved in January of 2006 with benefits retroactive to January of 2005. During this time — throughout 2005 and part of 2006 — Mr. Turner was on general leave from GBMC.

In January of 2006, Mr. Turner advised GBMC that he wanted to return to his former job as a unit secretary. By March 6, 2006, Turner had been certified by his physician, Dr. Nathan Rosenblum, to work on a part-time basis as a unit secretary with some restrictions. On March 30, 2006, a physician with GBMC's Employee Health Department, Dr. Paul Valle, also cleared Mr. Turner to return to work on a part-time basis with restrictions. However, Dr. Valle thought Mr. Turner could not perform the duties of his previous position because he was unable to handle multi-tasking. As a result, GBMC advised Mr. Turner that he would not be hired back as a unit secretary, but he was advised to continue looking for openings that would suit his skills and abilities.

In May of 2006, Dr. Rosenblum cleared Mr. Turner to work full-time with no restrictions. Mr. Turner did not tell the Social Security Administration (SSA) of this positive medical review despite the fact that he agreed in his application to notify the SSA if his medical condition improved such that he could return to work. Dr. Valle also re-examined Mr. Turner and found that he could work full-time, but Dr. Valle maintained that Mr. Turner was not able to return to

his previous position as a unit secretary.  Subsequently, Mr. Turner applied unsuccessfully for three file clerk positions.  When Mr. Turner's leave ran out on June 30, 2006, GBMC terminated his employment.

Since 2006, Mr. Turner has applied for twenty-eight positions at GBMC — as to ten of which GBMC concedes Mr. Turner was qualified — but he has never been rehired.  In February of 2007, Mr. Turner presented a charge of discrimination against the GBMC to the EEOC, alleging disability discrimination based upon his termination and GBMC's failure to reinstate him to the unit secretary position.  Two years later, in March of 2009, the EEOC issued a letter of determination finding reasonable cause to believe that GBMC violated the Americans with Disabilities Act (ADA) by terminating Mr. Turner because of his disability and by refusing to employ Mr. Turner in any capacity for which he was qualified.  On September 14, 2009, the EEOC filed an action on behalf of Mr. Turner against GBMC for disability discrimination under the ADA.  On January 21, 2011, this Court issued an order granting summary judgment to GBMC.  Subsequently, on February 16, 2011, the EEOC submitted the pending Motion for Reconsideration.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration."  Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment.  The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).  Such

motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

## **ANALYSIS**

In its Memorandum Opinion of January 21, 2011, this Court found that the EEOC failed to show that Mr. Turner's statement in his SSDI application that he could not work, combined with his continuing receipt of benefits, could be reconciled with his later statements that he was able to work without restrictions. Mem. Op. 2. (ECF No. 61). Therefore, this Court held that the EEOC could not establish that Mr. Turner is a qualified individual who can perform the functions of his job under the Americans with Disabilities Act. *Id.* In reaching this determination, the Court relied on *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373 (4th Cir. 2000), which addressed a conflict between a plaintiff's SSDI statement that she was unable to work and the claim that she was a qualified individual under the ADA who could perform the essential functions of her job with reasonable accommodations. In *Stowe-Pharr Mills,* the United States Court of Appeals for the Fourth Circuit found that summary judgment was not appropriate because the competing SSDI and ADA claims could be harmonized. *Stowe-Pharr*

4

*Mills,* 216 F.3d at 380. Following that logic, this Court determined that summary judgment *was appropriate* where competing claims could *not* be harmonized. Thus, finding that Mr. Turner's conflicting claims about his ability to work could not be reconciled, this Court granted summary judgment to GBMC.

In its Motion for Reconsideration under Rule 59(e), the EEOC does not allege that there has been an intervening change in controlling law or that new evidence has come to light. Instead, the EEOC alleges that this Court erred in its decision. The EEOC first explains why it is not judicially estopped by statements Mr. Turner made to the SSA. Next, the EEOC attempts to describe three ways that the conflicting statements may be reconciled, either (1) through the nature of presumptive eligibility of SSDI benefits, (2) by asserting a claim that Mr. Turner could have performed his job with reasonable accommodations, or (3) by recognizing that a jury could find that Mr. Turner was led to believe that he was disabled by GBMC's refusal to hire him.

I. Judicial Estoppel

The EEOC argues that this Court misapplied *Stowe-Pharr Mills* because that case "did not directly decide whether the EEOC could be judicially estopped by statements a charging party made to the SSA." Mem. in Supp. of Pl. EEOC's Mot. for Recons. 2 (ECF No. 63-1). However, this Court did not decide this case on judicial estoppel principles. Instead, it relied on a summary judgment analysis. The Court determined that the EEOC did not establish that a reasonable juror could find that Mr. Turner's conflicting statements were reconcilable, which foreclosed his eligibility under the ADA. Mem. Op. 16. Therefore, this Court did not err with regard to the EEOC's first claim on judicial estoppel.

II. Reconciling the conflicting SSDI and ADA claims

The EEOC makes three arguments as to why Mr. Turner's representation to SSA that he could not work may coexist with his eligibility under the ADA.

    A. <u>The EEOC's claim that Mr. Turner's SSDI benefits were awarded based upon a generalized presumption about his inability to work</u>

The EEOC states that "Turner's SSDI disability award was based solely on his medical impairment without an evaluation of whether Turner could perform his job or some other gainful activity." Mem. in Supp. 5. The EEOC explains that the SSA may approve benefits without confirming an applicant's eligibility to work by focusing instead on the applicant's medical impairment and presuming his or her inability to work. *Id.* at 4. The EEOC relies on *Cleveland v. Policy Management Systems, Corp.,* 526 U.S. 795 (1999), to demonstrate that the Supreme Court recognizes that a person may be disabled under the SSDI program and still have the ability to work. *Id.* at 5. Therefore, the EEOC concludes that Mr. Turner's SSDI determination was not a judgment that he could not work.

As GBMC points out, the SSA *did* make a finding that Mr. Turner was unable to work. Opp'n 4. A Case Analysis completed by SSA Medical Specialist William Hakkarinen on January 12, 2006, includes the following comment: "It is clear from the evidence that this claimant is not ready to resume even sedentary work now in 1/06." *Id.* Ex. 1. In its reply brief, the EEOC heavily emphasizes that, despite this statement, Mr. Turner's SSDI determination was based on medical factors alone.[1] Reply 2. The claim that Mr. Turner's benefits were based on a

---

[1] The EEOC attaches a declaration by Tamara M. Farmer, the Acting Division Director in the Office of Policy and Consultation of the SSA, stating that "In awarding SSDI benefits to Mr. Turner, SSA's determination was based on medical factors alone, and we did not consider his vocational history." Reply Ex. 1. This statement does not constitute evidence that was unavailable at trial. Instead, the EEOC attempts to clarify a point it previously raised during oral arguments with evidence that was available to it at the time. This clarification does not constitute new evidence unavailable at trail, and therefore may not be considered by this Court in a Rule 59(e) motion.

6

medical determination is not a new argument by the EEOC.  *See* Reply 2.  The EEOC is merely restating matters previously considered by this Court.  However, the standards for Rule 59(e) judgments, as articulated above, clearly indicate that matters previously introduced should not be re-argued after entry of judgment.

Regardless of whether the approval of Mr. Turner's benefits was based on a presumption or an actual finding as to ineligibility to work, the issue of *how* his benefits were approved is not controlling by itself.  As this Court emphasized, by continuing to receive SSDI benefits, Mr. Turner continued to represent that he could not work at all or without a reasonable accommodation.  Mem. Op. 15.  The SSDI application clearly stated that he was supposed to inform SSA if his condition changed such that he would be able to return to work.  Mem. Op. 3.  While Mr. Turner never informed the SSA that he was well enough to return to work, he did make this representation to GBMC and the EEOC.

B.   The EEOC's claim that Turner could have performed his job with reasonable accommodations

Next, the EEOC relies on *Cleveland* for the proposition that a person's claim of disability in an SSDI application can coexist with an ADA claim when a worker could have performed his job with reasonable accommodations.[2]  Mem. in Supp. 7.  The Supreme Court in *Cleveland* found that "an ADA suit claiming that the plaintiff can perform her job with reasonable accommodation may well prove consistent with an SSDI claim that the plaintiff could not perform her own job (or other jobs) without it."  *Cleveland*, 526 U.S. 795 at 803.  The EEOC maintains that Mr. Turner could have performed his job with reasonable accommodations such as a part-time arrangement or a transfer to another position and states that this Court overlooked

---

[2] This argument was also previously raised by the EEOC.  *See* Pl.'s Mem. in Supp. of Its Cross Mot. for Partial Summ. J. 35 (ECF. No. 42-1).

evidence that Mr. Turner asked for such reasonable accommodations. *Id.* The EEOC is mistaken. This Court weighed all evidence that might constitute a request by Mr. Turner for reasonable accommodation, such as his applications to transfer to other positions, against his clear and repeated assertions that he could work *without* assistance. As noted in the Memorandum Opinion, this Court evaluated considerable evidence that Mr. Turner was able to work without assistance or restrictions. This evidence includes Dr. Rosenbaum's diagnosis (EEOC Summ. J. Mem. Ex. 31), Mr. Turner's EEOC intake questionnaire (GBMC Summ. J. Mem. Ex. 16 at 0027), Mr. Turner's own deposition testimony (*Id.* Ex. 1 at 161-62), his mother, Mrs. Turner's, deposition testimony (GBMC Reply, Ex. 18 at 130) and notes regarding his EEOC interview written by an EEOC employee (*Id.* Ex. 1 at 00102).

Notably, the plaintiff in *Cleveland* did not make repeated statements that she could work without assistance. Further, the *Cleveland* court held that SSDI claims may conflict with ADA claims and further required an explanation to resolve any inconsistencies between these claims in order to avoid summary judgment. *Cleveland*, 526 U.S. at 806. Even if Mr. Turner's representation to SSA that he could not work could coexist with the suggestion by EEOC that he could work with accommodations, neither claim can be reconciled with the numerous times Mr. Turner asserted he could work without restrictions or assistance.

### C. EEOC's claim that Mr. Turner could believe he was disabled for the purposes of receiving SSDI benefits based on GBMC's actions

Finally, the EEOC alleges that a jury would be entitled to find that Mr. Turner had a good faith belief that he was still disabled because GBMC refused to hire him based on its perception that he had a disability. Mem. in Supp. 8. The EEOC claims that the fact that GBMC refused to hire Mr. Turner could have led him to believe that no other employer would hire him either. As a result, Mr. Turner was entitled to believe he had a disability for the purposes of continuing to

receive benefits. *Id*. at 8-9. The EEOC provides no evidence that Mr. Turner actually believed he was disabled based on the perceptions of GBMC, however, or that he interpreted GBMC's actions to mean that no other employer would hire him. As GBMC states, this assertion is speculative and does not create a genuine dispute of material fact. Opp'n 7. Therefore, the EEOC has not met its burden of proving error by the Court.

## **CONCLUSION**

For the foregoing reasons, the EEOC's Motion for Reconsideration fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure and is DENIED. A separate Order follows.

Dated April 6, 2011.                    **/s/**_____
                                        Richard D. Bennett
                                        United States District Judge